**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GREGORY KYLE MALONE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 20-CV-0227-GKF-JFJ |
| ) | |
| SCOTT CROW, Director of the ) | |
| Oklahoma Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER TO SHOW CAUSE**

Petitioner Gregory Malone, a state inmate appearing *pro se*,[1] commenced this action on May 22, 2020, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 1) and a motion to proceed *in forma pauperis* (Dkt. 2). For the reasons that follow, the Court denies petitioner's request to proceed without prepayment of the filing fee, finds that the petition is subject to being dismissed as time-barred, and provides petitioner an opportunity to file a written response demonstrating why the petition should not be dismissed.

**I.    Motion to proceed *in forma pauperis***

Petitioner requests leave to proceed without prepayment of the filing fee necessary to commence this habeas action. Dkt. 2. Because petitioner's motion and supporting documents reflect that he has sufficient funds available in his inmate savings account to pay the $5 filing fee, the Court denies his motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1); LCvR 3.5(b); Okla. Stat. tit. 57, § 549(A)(5) (permitting state inmates to use funds from mandatory savings account to pay court filing fees for certain federal actions). Within 30 days from the entry

---

[1] Because petitioner appears *pro se*, the Court liberally construes his pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

of this order, or **on or before July 10, 2020**, petitioner shall either pay the $5 filing fee in full or show cause in writing for his failure to do so. Failure to comply with this order may result in dismissal of this action without prejudice to refiling. *See* LCvR 3.5(b).

## II.     Petition for writ of habeas corpus

A district court is required to "promptly examine" a § 2254 petition and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*. Here, the petition and the exhibits attached thereto plainly demonstrate that petitioner's federal habeas claims are time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner generally must file a § 2254 petition no later than one year from the date his state-court judgment becomes final, and the judgment is final when the prisoner either has exhausted all avenues of direct review or has failed to pursue direct review in the allotted time for doing so. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The one-year limitation period is tolled, or suspended, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But statutory tolling under § 2244(d)(2) is available only if the application for postconviction relief or other collateral relief is filed in state court before the applicable one-year limitation period expires. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed [under § 2244(d)(1)] will toll the statute of limitations.").

Under these principles, the petition is clearly time-barred. Petitioner brings this habeas

action to challenge state-court judgments entered against him in the District Court of Tulsa County on November 30, 2000 (Case No. CF-1999-6051), February 28, 2003 (Case No. CF-1999-6052), May 31, 2001 (Case No. CF-2000-144), and March 10, 2003 (Case No. CF-2000-110).  Dkt. 1, at 1.  The March 2003 judgment was entered on petitioners' guilty plea and he did not appeal.  *Id.* at 2-3; Dkt. 1-1, at 80-81.  Petitioner filed direct appeals in the Oklahoma Court of Criminal Appeals (OCCA) from the remaining three state-court judgments, and filed applications for postconviction relief in all four cases.  Dkt. 1, at 2.  It is not clear from the petition when petitioner's state-court judgments became final because petitioner does not identify the dates on which the OCCA decided his direct appeals.  *Id.*  However, because he did not appeal following his guilty plea in Case No. CF-2000-110, his judgment in that case became final 10 days after his plea hearing, on March 20, 2000.  *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing direct appeal process for Oklahoma defendants convicted on guilty pleas).  And court records publicly available on the Oklahoma State Courts Network, https://www.oscn.net, show that the OCCA issued its decisions in his three direct appeals on October, 14, 2002, October 15, 2002, and April 15, 2004.  Nothing in the petition suggests that petitioner sought further direct review in any of these cases. At the very latest then, all of petitioner's state-court judgments were final by July 15, 2004, when the 90-day period for seeking a writ of certiorari in the United States Supreme Court.  *Gonzalez*, 565 U.S. at 150; *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001).  And it is clear from the petition that in each case petitioner did not file an application for postconviction relief until May 2018. Dkt. 1-1, at 47, 57, 65, 80.  In all four cases, the Tulsa County District Court denied his applications for postconviction relief on November 2, 2018, and the OCCA declined jurisdiction over his postconviction appeals, on May 22, 2019, because he failed to properly perfect the appeals.  Dkt. 1, at 3-4; Dkt. 1-1, at 3-4.  Petitioner filed the instant federal habeas petition on May 22, 2020.

3

Dkt. 1, at 1.  On these facts, petitioner filed his federal habeas petition nearly 16 years beyond the one-year limitation period applicable to the latest of his four state-court judgments and he is not entitled to statutory tolling under § 2244(d)(2).

A court may extend the one-year limitation period for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  But, to obtain equitable tolling, a petitioner must show that he diligently pursued his federal claims and that extraordinary circumstances external to the petitioner prevented him from filing a timely federal habeas petition.  *Id.*  Even liberally construing petitioner's pleadings, the Court does not discern any request for equitable tolling.  Dkt. 1, generally.[2]  Regardless, on the record presented, it does not appear that petitioner could make the necessary showings to obtain equitable tolling.  Petitioner does not explain the approximately 14-year delay between the end of his direct review process, in July 2004, and the initiation of his postconviction proceedings, in May 2018, and this delay demonstrates the opposite of diligence in pursuing his federal claims.  Further, while each of petitioner's federal claims relate in some manner to his allegations that he suffered from mental health issues at the time of the offenses for which he was convicted and that he was not competent to stand trial, mental incapacity alone rarely constitutes an extraordinary circumstance that warrants equitable tolling.  *See Del Rantz v. Hartley*, 577 F. App'x 805, 810 (10th Cir. 2014) (unpublished)[3] (noting that "federal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as that

---

[2] In fact, it is not even clear that petitioner is aware of the one-year limitation period for filing a federal habeas petition.  The only suggestion that petitioner might be aware of the one-year limitation period arises from the fact that he filed his petition one year from the date the OCCA declined to exercise jurisdiction over his postconviction appeals.  But § 2244(d)(1)(A)'s one-year statute of limitation is triggered by the conclusion of direct review, not the conclusion of any state postconviction proceedings.

[3] The Court cites this unpublished decision for its persuasive value on this point.  *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

resulting in institutionalization or adjudged mental incompetence" and gathering cases from the United States Court of Appeals for the Tenth Circuit that have declined to apply equitable tolling on the basis of mental incapacity). Petitioner also does not allege that his mental disorders "stood in the way of a timely habeas filing." *Id.* at 811. Without further explanation of petitioner's reasons, if any, for his substantial delay in filing his federal habeas petition, the Court has no basis for applying equitable tolling.

A petitioner who fails to file a timely habeas petition also may rely on an "equitable exception" to the statute of limitations to obtain review of his federal claims, but only if he makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). "[T]enable actual-innocence [claims] are rare." *Id.* at 386. Generally, the petitioner must present "new evidence," and "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (bracket added) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). Here, petitioner asserts his actual innocence in an effort to overcome what he describes as the procedural default of some or all of his federal claims that occurred when he failed to perfect his postconviction appeals. Dkt. 1, at 3-11; *see Davila v. Davis*, 137 S. Ct. 2058, 2064-5 (2017) (discussing procedural default doctrine and showings petitioner can make to overcome a procedural default). More specifically, petitioner argues that he is actually innocent because, due to his mental illness, "he was legally and statutorily not guilty of the offense in which he was found guilty of committing." Dkt. 1, at 7. He further argues that had the jury (presumably, the jury in each of the three cases tried to a jury) heard evidence of his "extensive history of mental illness," "it is more likely than not that no reasonable juror would have convicted

him and would have found him not guilty by reason of insanity." *Id.* at 9.

Regardless of whether petitioner asserts his actual innocence to overcome a procedural default or to excuse the untimeliness of his petition, the standard is the same. The miscarriage-of-justice exception that permits a habeas court to overlook a procedural bar to relief, including the time-bar, applies in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Perkins*, 569 U.S. at 392 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). The flaw in petitioner's argument is that it focuses on legal innocence rather than factual innocence. Petitioner does not assert that a reasonable juror hearing evidence of his mental health history would have found that he did not commit the acts underlying his crimes. Rather, he asserts that a reasonable juror hearing that evidence would have found that he could not be held culpable for committing those acts, as a matter of law, because of his mental incapacity. But "[a]ctual innocence means 'factual innocence.'" *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). And legal innocence is not factual innocence. *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (explaining that petitioner's claims that he was "not guilty of first degree murder because he was intoxicated and acted in self defense" were arguments in support of "legal innocence, as opposed to factual innocence"). Like the petitioner in *Beavers*, petitioner essentially argues the law, rather than the facts, precluded his convictions. As a result, on the record presented, petitioner fails to present a credible claim of actual innocence that would permit the Court to overlook his failure to file a timely federal habeas petition.

### III.  Opportunity to respond

On the current record, the petition is subject to being dismissed as time-barred. And it does not appear that petitioner can make the showings necessary to overcome the time bar. But *Day*

6

counsels that a district court should give a habeas petitioner "fair notice and an opportunity to present [his] position[]" before the court "act[s] on its own initiative to dismiss . . .[the] petition as untimely." 547 U.S. at 210. Because petitioner did not mention his failure to comply with the one-year statute of limitations or expressly address whether he can make the necessary showings to overcome the time bar, the Court will provide him an opportunity to do so. Within 30 days from the entry of this order, or **on or before July 10, 2020**, petitioner shall file a written response demonstrating **either** (1) that he diligently pursued his federal claims **and** (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition **or** (3) that "new evidence" not presented during his jury trials supports his assertion that he is actually (factually) innocent of the crimes for which he was convicted. Should petitioner either (1) fail to file a written response or (2) file a written response that fails to support any request for equitable tolling or his actual-innocence claim, the Court will dismiss the habeas petition with prejudice, and without further notice, as time-barred.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to proceed *in forma pauperis* (Dkt. 2) is **denied**.
2. Within 30 days of the entry of this order, or **on or before July 10, 2020**, petitioner shall either pay the $5 filing fee in full or show cause in writing for his failure to do so.
3. Within 30 days from the entry of this order, or **on or before July 10, 2020**, petitioner shall file a written response demonstrating **either** (1) that he diligently pursued his federal claims **and** (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition **or** (3) that "new evidence" not presented during his jury trials supports his assertion that he is actually (factually) innocent of the crimes for which he was convicted.

4. Should petitioner either (1) fail to file a written response or (2) file a written response that fails to support any request for equitable tolling or his actual-innocence claim, the Court will dismiss the habeas petition with prejudice, and without further notice, as time-barred.

**DATED** this 10th day of June 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE